IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 25 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01096-BNB

JOHNNY EARL SHANNON,

Applicant,

v.

RON WILEY, Warden, F.P.C. Florence,

Respondent.

ORDER OF DISMISSAL

Applicant Johnny Earl Shannon is a prisoner in the custody of the United States Bureau of Prisons (BOP) at FPC Florence, in Florence, Colorado. Mr. Shannon initiated this action by filing a *pro se* pleading, on a Prisoner Complaint form, in which he asserted that Warden Ron Wiley and prison staff refuse to abide by the decision in *Wedelstedt v. Wiley*, No. 06-cv-01337-WYD (D. Colo. Aug. 28, 2006), *aff'd*, 477 F.3d 1160 (10th Cir. 2007). In the Complaint, Plaintiff asserted that the action is not a prisoner civil rights complaint but a petition for contempt under 18 U.S.C. § 401. Mr. Shannon also asked that the Court order Warden Wiley to show cause why he should not be held in contempt for refusing to abide by District Judge Wiley Y. Daniel's decision in *Wedelstedt*. Mr. Shannon further requested in the Complaint that if

Warden Wiley fails to demonstrate good cause for his failure to abide by Judge Daniel's order in *Wedelstedt* the Court impose sanctions.

On May 23, 2008, Magistrate Judge Boyd N. Boland entered an order that informed Mr. Shannon that his reliance on § 401 for jurisdiction was misplaced and that his claims more properly are raised in a 28 U.S.C. § 2241 action. Magistrate Judge Boland directed Applicant to submit his claims on a § 2241 application form, which he did on June 5, 2008. The Court must construe Mr. Shannon's Application liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Application is held to standards less stringent than those governing a formal pleading drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Mr. Shannon sets forth one claim in the Application. He asserts that he is being denied his right to a review for halfway house placement eligibility under 18 U.S.C. § 3621(b), and pursuant to *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2006). As relief, Mr. Shannon requests that the Court direct the Warden to comply with *Wedelstedt* and if he fails to comply enter sanctions against him. Applicant also requests that the Court proceed expeditiously because he is due to be released to a halfway house in seventy-six days.

Applicant concedes that he has not exhausted his administrative remedies. He asserts that in light of *Wedelstedt* and the BOP's refusal to comport with the duties mandated under § 3621(b), it is futile to exhaust his administrative remedies. Pursuant

to *Montez v. McKinna*, 208 F.2d 862, 866 (10th Cir. 2000), the Court may dismiss the instant Application on the merits without reviewing the exhaustion question. Therefore, for the reasons stated below, the Application will be denied on the merits.

Although Mr. Shannon asserts that he has been found to be halfway house eligible, he contends that prison staff and the Warden refuse to consider the five factors under 18 U.S.C. § 3621(b) for determining the length of time that he should be placed in a halfway house and instead rely on BOP policies to determine his eligibility. He further asserts that prison staff have failed to comply with the mandates in *Wedelstedt*, which requires the BOP to identify the criteria that they used to determine the length of Applicant's halfway house placement. Applicant also asserts prison staff told him that because he commenced his sentence after the decision in *Wedelstedt* the decision does not apply to him. (Application at 3.)

Mr. Shannon appears to misconstrue prison staff's response to his informal request. In the response to Applicant's informal request, the Court finds that prison staff refused Mr. Shannon's request for what he terms a "mandated review" because *Wedelstedt* was decided prior to Mr. Shannon commencing his sentence. Mr. Shannon's review for halfway house placement was not subject to the BOP procedures that were used in reviews done prior to *Wedelstedt*. In both the responses to Applicant's informal request and to his request for administrative remedy, Applicant was told that because he has a short sentence, a job, and an established residence he was recommended for thirty to forty-five days in a Residential Release Center. (May 23, 2008, Complaint at Ex. A and C.) Neither of the responses rely on 28 C.F.R. §§ 570.20

and 570.21, the regulations found to be invalid in *Wedelstedt*, for the basis in determining when Mr. Shannon would be halfway house placement eligible.

Nothing in the *Wedelstedt* opinion mandates the BOP to provide to a prisoner a written statement identifying each of the five factors in § 3621(b) and justifying for each of the factors how prison staff determined when and whether the prisoner should be placed in a halfway house. The only requirement for determining halfway house placement for a prisoner, as set forth in *Wedelstedt*, is that the BOP must consider the factors set forth in 18 U.S.C. § 3621(b) without regard to the invalid regulations under 28 C.F.R. §§ 570.20 and 570.21. In review of the responses that are referred to above, the Court finds that there is no indication Warden Wiley or prison staff relied on a categorical invalid regulation to determine when Applicant should be transferred to a halfway house. Moreover, in accordance with *Wedelstedt*, Mr. Shannon was subject to a review for halfway house placement prior to the last ten percent of his sentence.[1]

Therefore, neither the Warden nor prison staff has violated Mr. Shannon's due process rights in determining when he should be considered for placement in a halfway house. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed. It is

---

[1] Pursuant to the judgment in Applicant's federal criminal case, he was sentenced on November 9, 2007, to ten months of incarceration. *United States v. Shannon*, No. 07-cr-00104-J(01) (Nov. 9, 2007). Mr. Shannon was ordered to self-surrender on December 3, 2007. *Shannon*, No. 07-cr-00104-J(01) at Doc. 60. According to the BOP's website, Mr. Shannon is due for release on October 1, 2008. Mr. Shannon concedes that as of March 26, 2008, he has been found eligible for a thirty to forty-five day placement in a halfway house. Applicant, therefore, was determined eligible prior to the last ten percent of his sentence.

FURTHER ORDERED that Applicant's Motion for Issuance of an Immediate Writ of Habeas Corpus, (Doc. No. 8), and his Motion for Order to Show Cause, (Doc. No. 9), both filed June 11, 2008, are denied as moot.

DATED at Denver, Colorado, this 24 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01096-BNB

Johnny Earl Shannon
Reg. No. 36516-177
Federal Prison Camp
PO Box 5000
Florence, CO 81226-5000

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  6/26/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk